UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Holmes, # 289114, ) | C/A No. 2:11-480-SB-BHH |
| Plaintiff, ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| SCDC Medical; Turbeville CI; Evans CI; ) Doctors and Nurses, SCDC Medical, ) | |
| Defendants. ) | |

George Holmes ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Evans Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants have violated his constitutional rights by failing to provide appropriate medical care. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

<u>Review pursuant to the Prison Litigation Reform Act (PLRA)</u>

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court,

*Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).  The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff's entire statement of claim is as follows:

> Back in 2003, I Mr. George Holmes was sent to prison name Turbeville C.I. suffering from a blood clot in my right leg it swollen (sic) both my feet and right. I've went to medical/sick call so many time for this problems, as of right now my feets and leg are (sic) still swollen. Doctors and nurses... I'm suffering of pain, and was sent to Carolina Image Care about 3 times. I don't remember the dates but I'd like someone to look into this matter. I'm having some kind of chronic disease. I'm very concern about my health.
> I come to S.C.D.C. Kirkland C.I. 7-8-2010.
> 7-16-2010: I went to Carolina Image Care, to check for blood clots, because both feet and right leg hurtful and still swollen.
> 7-16-2010: At Kirkland R&E, I had a EKG ran on me.
> 7-15-2010: A[t] Kirkland R&E, I had a chest X-ray.
> 9-21-2010: I was transfe[rred] to Evans C.I.
> 10-8-2010: At Evans C.I., I sign up for sick call for my swollen leg "right" and both feets.
> 11-15-10: I saw the Doctor at Evans C.I. but I don't remember his name.
> 12-9-2010: I went to Carolina Image Care.
> From: December, January, and February, I've sign up for sick call over 10 times for this problem with all this swelling (sic) and pain.
> 2-9-11: I saw the Doctor he did not say too much nothing good to help me.
> I don't know what's going on but I'm concern about my health.

Compl. 3-4.  Plaintiff alleges that he did file a grievance concerning the claims he raises in this case about one and one-half months prior to filing his Complaint.  Compl. 2.  Plaintiff

3

alleges that he has not yet received a response to his grievance. *Id.* Liberally construed, Plaintiff seeks injunctive relief.[2]

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent Plaintiff attempts to sue the correctional institutions of Turbeville and Evans, "SCDC Medical," and "Doctors and Nurses, SCDC Medical," none of those entities qualify as a person subject to suit under § 1983. Use of the term "staff" or "medical agency" or the equivalent as a name for alleged defendants, without the naming of specific staff members, is not adequate to state a claim against a "person" as required in § 1983 actions.[3] *See Barnes v. Baskerville Corr. Ctr. Med. Staff*, C/A No. 3:07CV195, 2008 WL

---

[2] On May 19, 2011, Plaintiff filed a document with the Court entitled "Motion for Reconsideration," which the Clerk of Court filed as a "Motion to Appoint Counsel," wherein he states that he is suing for money damages. ECF No. 14.

[3] In Plaintiff's "Motion to Appoint Counsel" filed on May 19, 2011, Plaintiff alleges that he does not have names because his medical records will reveal the names, and he is

4

2564779, at *1 (E.D. Va. June 25, 2008) (finding that medical staff is not a specified person for purposes of § 1983); *Brownlee v. Williams*, C/A No. 2:07-78-DCN-RSC, 2007 WL 904800, at *2 (D.S.C. March 22, 2007) (finding that medical department staff nurses was not a proper defendant under § 1983); *Johnson v. Nelson*, No. 1:06-CV-145(WLS), 2008 WL 2123756 (M.D. Ga. May 16, 2008) (dismissing the Autry State Prison Medical Staff Provider as a defendant in the § 1983 action); *Martin v. UConn Health Care*, No. 3:99CV2158 (DJS), 2000 WL 303262 at *1 (D. Conn., Feb. 09, 2000).  Moreover, Defendants "Turbeville CI" and "Evans CI" are a department, group of buildings, or a facility.  Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law.  *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").  Therefore, because Plaintiff failed to name any identifiable person as a defendant, the Complaint should be dismissed for failure to state a claim upon which relief may be granted.[4]

---

waiting to receive copies of his medical records. ECF No. 14.  As noted in this Report and Recommendation, Plaintiff has not exhausted his administrative remedies within the SCDC procedures.  Thus, it is possible that Plaintiff may obtain copies of his medical records through the SCDC administrative process, and he may file a civil action in the future after completing the administrative process and obtaining names of potential defendants.

[4] Since Plaintiff initiated this lawsuit, he has filed several more civil actions in this Court. In one case, Plaintiff appears to name a specific doctor who works at SCDC as a defendant.  *See Holmes v. Drago*, C/A No. 2:11-1106-SB-BHH.

Additionally, the Complaint may be dismissed for failure to exhaust administrative remedies. The Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The United States Supreme Court has held that, "the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). *See Booth v. Churner*, 531 U.S. 956 (2001) (PLRA requires administrative exhaustion even if grievance procedure does not allow monetary damages and prisoner seeks only monetary damages, so long as grievance tribunal has authority to take some responsive action). Although the lack of exhaustion of administrative remedies is considered an affirmative defense and not a jurisdictional infirmity nor a pleading requirement, if the lack of exhaustion is clearly apparent from the face of the prisoner's complaint *sua sponte* dismissal prior to service of the complaint may be appropriate. *See Jones v. Bock*, 549 U.S. 199 (2007) (finding that inmates are not required to specially plead or demonstrate exhaustion in their complaints); *Anderson v. XYZ Corr. Health Serv.*, 407 F.3d 674, 683 (4th Cir. 2005) (noting that it is possible that a prisoner's complaint may clearly show that the prisoner has not exhausted his administrative remedies and under those circumstances *sua sponte* dismissal would be appropriate); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655-56 (4th Cir. 2006) (*In forma pauperis* proceedings "implicate important judicial and public concerns not present in the circumstances of ordinary civil litigation.").

An SCDC inmate must usually wait approximately 125 days from the time he initiates a grievance until final disposition. *See* SCDC Inmate Grievance System Policy issued 9-1-2009. This time period gives the prison administrators a chance to resolve the matter without implicating judicial oversight of prison administration which is disfavored. *See* SCDC Inmate Grievance System Policy issued 1-1-2006. The decision of the "responsible official" who answers the Step 2 appeal is the Department's final response in the matter. *Id.* The Supreme Court held that the PLRA "seeks to 'affor[d] corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.'" *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006) (proper exhaustion of administrative remedies is necessary). After approximately 125 days have passed, an inmate will usually have exhausted "such administrative remedies as are available." 42 U.S.C. § 1997e(a). *E.g. Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002); *Lewis v. Washington*, 300 F.3d 829, 833 (7th Cir. 2002). In his Complaint, Plaintiff stated that there is a prisoner grievance procedure at Evans Correctional and that he did file a grievance concerning the claims he raises in this civil action. It appears that Plaintiff filed this lawsuit after approximately 45 days (or one and one-half months) had passed since he filed his prison grievance. Plaintiff further stated that he has <u>not</u> received a final agency/departmental/institutional answer concerning his grievance. In this case, it is clearly apparent from the face of the Complaint that Plaintiff did not wait to receive a final answer from SCDC before he filed this lawsuit. This case is a rare circumstance where based on the face of the Complaint the action may be summarily dismissed without prejudice for failure to exhaust administrative remedies.

Recommendation

Accordingly, it is recommended that the District Court dismiss the Complaint in the above-captioned case *without prejudice* and without issuance and service of process. See *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

                                                s/Bruce Howe Hendricks
                                                United States Magistrate Judge

May 24, 2011
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).